UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-CR-80100-MIDDLEBROOKS

UNITED STATES OF AMERICA,

        Plaintiff,

vs.

ANTON PECK,
a/k/a "Alexi Ivanov,"
a/k/a "Alex Ivanov,"
a/k/a "Syntropy,"

        Defendant.
_____/

**RESPONSE TO DEFENDANT'S OBJECTIONS**
**TO THE PRESENTENCE INVESTIGATION REPORT**

The United States of America, by and through the undersigned Assistant United States Attorney, hereby responds to Defendant Peck's Objections to the Presentence Investigation Report ("PSI") (D.E. 35).

**Safety Valve Sentencing Option (PSI ¶¶ 49, 56, 60, 111-112)**

The defendant asserts that he should be sentenced without regard to the 10-year minimum mandatory sentence based on 18 U.S.C. § 3553(f)(1)-(5). Additionally, he asserts that he should receive a 2-level guideline reduction pursuant to U.S.S.G. § 2D1.1(b)(18) and § 5C1.2. In support of his claim, the defendant argues that he would only be prohibited from receiving the relief recognized in 18 U.S.C. § 3553(f) if his criminal record included all three of the following: (A) more than 4 criminal history points, excluding any criminal history points resulting from a 1-point offense, as determined under the sentencing guidelines; (B) a prior 3-point offense, as determined under the sentencing guidelines; and (C) a prior 2-point violent offense, as determined under the sentencing guidelines.

The defendant's argument is based upon a conjunctive reading of all three disqualifying factors with "and" being the operative word. Because the defendant's prior record does not specifically include

a 2-point violent offense, the defendant argues that he is not prohibited from receiving the relief afforded under the "safety valve" provision in § 3553(f)(1). The defendant then further argues for a conjunctive reading of the factors in § 3553(f)(2)-(5), so that he would only be disqualified from relief if each one of the factors applied. Based on that reading of the statute, he argues that he should still be eligible for relief because he was not a manager or director engaged in a continuing criminal enterprise.

The United States takes the position that the disqualifying factors be read disjunctively and that the defendant having only one of the factors disqualifies him from being safety valve eligible for the purposes of § 3553(f). Considering the provision's structure and the broader context of the statute, the disqualifying factors listed in § 3553(f)(1) through (5) are properly read disjunctively to permit eligibility if the defendant does not have any one of the disqualifying factors listed in those sections. The defendant's reading of the statute betrays the clear intent of Congress by excluding from safety valve relief only those defendant who have an extremely rare combination criminal-history-points and relevant factors. The Court should interpret the safety valve provision to provide a disjunctive set of criminal history requirements, precluding from relief those defendant's with more than 4 criminal history points (excluding 1-point offenses), a prior 3-point offense, or a prior 2-point violent offense. Section 3553(f) is appropriately read as a checklist of disqualifying factors.

Because the facts of this case and the defendant's prior record involve disqualifying factors, his objection should be overruled. The defendant is disqualified because: (a) he has a prior 3-point offense; (b) the offense resulted in the death to a person; and (c) the defendant was the organizer, leader, manager and supervisor of others in the offense. Based on the same reasoning, the defendant should not receive a 2-level guideline reduction pursuant to §2D1.1(b)(18).

**RESPONSE TO DEFENDANT'S OBJECTIONS/CORRECTIONS**

**PSR ¶ 21-22:** The defendant submits that the information in the PSR regarding Parcel F (receipt of a parcel containing MDMA) was unknown to him and that the events related to Fusco acting on his own. The United States will not contest this fact at sentencing.

**PSR ¶ 41:** The defendant submits that the "mrgrimm" account was operated solely by Vincent Banner and that the defendant did not operate or market the "mrgrimm" account. He claims instead that the account was under Banner's control and that the defendant did not receive any compensation from its operation. Contrary to the defendant's claim, Mr. Banner stated to law enforcement that he began operating the dark web moniker "mrgrimm" to sell drugs given to him by Peck and that they would split the revenue from the sales. Mr. Banner claims Peck asked him to create the moniker because Peck needed to move a greater quantity of narcotics.

**PSR ¶ 75:** The United States accepts the clarification of facts.

**PSR ¶ 86:** The United States accepts the clarification of fact.

**PSR ¶ 89:** the United States accepts the clarification of fact.

**PSR ¶ 98:** the United States accepts the clarification of fact.

**PSR ¶ 102:** the United States accepts the clarification of facts.

**PSR ¶ 103:** the United States accepts the clarification of fact.

                                              JUAN ANTONIO GONZALEZ
                                              UNITED STATES ATTORNEY

By: _____
      DANIEL E. FUNK
      Assistant United States Attorney
      Florida Bar No. 0592501
      500 S. Australian Avenue, Suite 400
      West Palm Beach, FL 33401
      Telephone: 305-905-7509
      Email: daniel.funk@usdoj.gov

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on November 9, 2022, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record on the attached Service List in the manner specified.

                                              *s/Daniel E. Funk*
                                              DANIEL E. FUNK
                                              Assistant United States Attorney

## SERVICE LIST
United States v. ANTON PECK
United States District Court
Southern District of Florida

| Party | Counsel |
|---|---|
| Plaintiff: United States | Daniel E. Funk<br>Assistant United States Attorney<br>500 S. Australian Ave, Suite 400<br>West Palm Beach, FL 33401<br>Email: daniel.funk@usdoj.gov<br>305-905-7509<br>**via Notice of Electronic Filing generated by CM/ECF** |
| Defendant: ANTON PECK | Michael G. Smith, Esq.<br>Litigation Building, Suite 500<br>633 South Andrews Avenue<br>Fort Lauderdale, FL 33301<br>Email: SmithLawDefend@aol.com<br>954-761-7201<br>**via Notice of Electronic Filing generated by CM/ECF** |